IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| MICHELLE KAMPER, | |
|---|---|
| *Plaintiff*, | **ORDER ADOPTING REPORT AND RECOMMENDATION AND ENTERING JUDGMENT** |
| v. | |
| THE HARTFORD, | |
| *Defendant*. | Case No. 2:17-cv-00101 |
| | District Judge Jill N. Parrish |

Plaintiff Michelle Kamper filed a Motion for Decision on the Administrative Record (ECF No. 17), and Defendant Hartford Life and Accident Insurance Company filed a Motion for Summary Judgment on ERISA Claim (ECF No. 22). Both matters were referred to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B). Both matters were fully briefed, and after review of the parties' briefings, Judge Warner issued a Report and Recommendation (ECF No. 30). Judge Warner recommended that this court deny Ms. Kamper's motion and grant the Hartford's motion.

Ms. Kamper filed an objection to the Report and Recommendation (ECF No. 31). She does not object to the Report and Recommendation's findings of fact nor does she object to the Report and Recommendation's conclusion that the arbitrary-and-capricious standard of review applies to her ERISA claim. Rather, Ms. Kamper argues, without citing any legal authority, that the Report and Recommendation misapplied the arbitrary-and-capricious standard of review to the undisputed facts. The Hartford responded to Ms. Kamper's objection, arguing that this court should adopt the Report and Recommendation (ECF No. 32).

If a party objects to portions of a magistrate judge's report and recommendation, the district court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). As such, if neither party objects to certain portions of a report and recommendation, the district court need only determine that there is no "clear error" with respect to those portions. *See* Fed. R. Civ. P. 72(b) advisory committee's note (1983) (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).[1]

Here, Ms. Kamper does not object to the Report and Recommendation's findings of fact and its conclusion that the arbitrary-and-capricious standard or review applies to her ERISA claim. Therefore, the court reviews those portions of the Report and Recommendation for "clear error." Ms. Kamper does, however, object to the Report and Recommendation's application of the arbitrary-and-capricious standard of review to the undisputed facts, and therefore the court must determine *de novo* whether the Report and Recommendation correctly applied the arbitrary-and-capricious standard of review to the undisputed facts.

---

[1] The Tenth Circuit has adopted the firm-waiver rule. *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Under this rule, "the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Precluding appellate review of any issue not raised in an objection "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Thomas*, 474 U.S. at 147-48.

Based on this court's review of the record, the relevant legal authority, and the Report and Recommendation, the court concludes that the Report and Recommendation correctly applied the arbitrary-and-capricious standard of review to the undisputed facts. Accordingly, the Court ORDERS as follows:

1. The Report and Recommendation is ADOPTED IN FULL;
2. Ms. Kamper's Motion for Decision on the Administrative Record (ECF No. 17) is DENIED;
3. The Hartford's Motion for Summary Judgment on ERISA Claims (ECF No. 22) is GRANTED;
4. Judgment is entered in favor of Hartford and against Ms. Kamper on Ms. Kamper's ERISA cause of action; and
5. The clerk of the court is directed to close the case.

Signed March 20, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge